IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FRANK E. KREEGER III, | |
| Plaintiff, | 8:24CV26 |
| vs. | |
| STATE OF NEBRASKA, D&E CENTER (LANCASTER COUNTY), | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on its own motion. On January 22, 2024, Plaintiff filed correspondence dated January 17, 2024, which the Court construed and docketed as a Complaint filed pursuant to 42 U.S.C. § 1983. Filing No. 1. Plaintiff requests "forms for a 42 U.S.C. § 1983, Local Rules and . . . . a complaint and summons documents" for two civil suits that he intends to pursue. *Id*. at 1 (internal quotation marks omitted). Plaintiff also describes his "suit" against the State of Nebraska, Diagnostic and Evaluation Center in Lancaster County and includes a request for damages and declaratory relief. *Id*. at 1–2.

The Court now notifies Plaintiff that the Court will construe his January 17, 2024, letter as a civil complaint filed pursuant to 42 U.S.C. § 1983 against the State of Nebraska, Diagnostic and Evaluation Center. In the alternative, Plaintiff may move to voluntarily withdraw his complaint within 30 days if he does not wish for this action to proceed as a § 1983 action. The Court also will send Plaintiff those requested forms

that the Court has available, and if Plaintiff wishes to amend his Complaint filed in this matter, he may do so and is encouraged to use the forms provided.[1]

If Plaintiff chooses to allow this matter to proceed as a § 1983 action, then he must either pay the $405.00 filing and administrative fees to the Clerk's office or submit a request to proceed in forma pauperis ("IFP").[2] Failure to take either action by February 28, 2024, will result in the Court dismissing this case without further notice to Plaintiff.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall no later than **February 28, 2024**, voluntarily withdraw his Complaint if he does not want this action to proceed as one brought pursuant to 42 U.S.C. § 1983.

2. If Plaintiff decides to allow this matter to proceed as a § 1983 action, then Plaintiff is directed to submit the $405.00 fees to the Clerk's office or submit a request to proceed in forma pauperis by no later than **February 28, 2024**.

3. Failure to respond to this Memorandum and Order will result in dismissal of this matter without further notice.

4. The Clerk of the Court is directed to send to Plaintiff the following forms: two (2) Form Pro Se 14 Complaints for Violation of Civil Rights (Prisoner); two (2) Form AO240 Applications to Proceed Without Prepayment of Fees and Affidavit; and a copy of the Court's Local General and Civil Rules.

---

[1] If Plaintiff wishes to file a second suit against "Douglas County/Sarpy County Sheriffs," then he will have to file a second civil complaint against those defendants. Filing No. 1 at 1.

[2] If Plaintiff is granted leave to proceed IFP in this matter, he will be allowed to pay the Court's $350 filing fee in installments. See 28 U.S.C. § 1915(b)(1); In re Tyler, 110 F.3d 528, 529–30 (8th Cir. 1997). He would not be subject to the $55.00 administrative fee assessed to non-IFP plaintiffs. Prisoner plaintiffs are required to pay the full amount of the Court's $350.00 filing fee by making monthly payments to the Court, even if the prisoner is proceeding IFP. 28 U.S.C. § 1915(b).

5. The Clerk of the Court is directed to set a pro se case management deadline in this matter with the following text: **February 28, 2024**: Deadline to withdraw complaint or file MIFP or payment.

Dated this 29th day of January, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

3