IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

FRANK E. KREEGER III,

Plaintiff,

vs.

STATE OF NEBRASKA, D&E CENTER
(LANCASTER COUNTY), and
LANCASTER COUNTY, Diagnostic &
Evaluation Center, Official capacity;

Defendants.

8:24CV26

MEMORANDUM AND ORDER

On January 22, 2024, Plaintiff Frank E. Kreeger III filed correspondence with the Court, which the Court construed and docketed as a Complaint filed pursuant to 42 U.S.C. § 1983. Filing No. 1. The Court notified Plaintiff that the Court would construe his correspondence as a civil complaint filed pursuant to 42 U.S.C. § 1983 against the State of Nebraska, Diagnostic and Evaluation Center and gave Plaintiff leave to withdraw his Complaint if he did not wish to proceed or, alternatively, to amend his Complaint if he wished. Filing No. 4. On February 5, 2024, Plaintiff filed an Amended Complaint, Filing No. 5, which the Court will treat as the operative pleading. Plaintiff has been given leave to proceed in forma pauperis. Filing No. 10. The Court now conducts an initial review of Plaintiff's Amended Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

**I.  SUMMARY OF AMENDED COMPLAINT**

Plaintiff is a pretrial detainee currently in the custody of the Sarpy County Correctional Facility. Plaintiff sues the Lancaster County Diagnostic and Evaluation Center ("DEC"), which the Court understands to be a state prison under the control of

the Nebraska Department of Correctional Services located in Lancaster County, Nebraska, the warden of the DEC, and the "[e]mployee in 2012 who does unit classifications," alleging violations of his First and Eighth Amendment rights. Filing No. 5 at 2. In approximately May 2012, Plaintiff was assaulted by other inmates at the DEC and alleges "the correctional officer failed to protect [him] from the brutal assault and watched it happen." *Id.* at 5; *see also* Filing No. 1 at 1. Plaintiff sustained injuries for which he now seeks $20 million in damages.

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim,

and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).  However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988);  *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III.  DISCUSSION

While Plaintiff's allegations present serious complaints, Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted because his claims against the named defendants are barred by sovereign immunity and the statute of limitations.

### A.  Sovereign Immunity

In his Amended Complaint, Plaintiff sues the DEC, the DEC warden, and the unnamed DEC unit classifications officer in their official capacities.  Filing No. 5 at 2. The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and an employee of a state sued in the employee's official capacity.  *See, e.g.*, *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446–47 (8th Cir. 1995).  Any

award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g.*, *Dover Elevator Co.*, 64 F.3d at 447; *Nevels v. Hanlon*, 656 F.2d 372, 377–78 (8th Cir. 1981). There is nothing in the record before the Court showing that the State of Nebraska waived, or that Congress overrode, sovereign immunity in this matter. Thus, the Eleventh Amendment bars Plaintiff's claims for damages against the DEC and the DEC officers in their official capacity.

**B. Statute of Limitations**

The Court concludes that giving Plaintiff leave to amend to assert his claims against proper defendants in their individual capacity would be futile as his claims are clearly barred by the statute of limitations. The statute of limitations for 42 U.S.C. § 1983 actions is governed by the limitations period for personal injury cases in the state in which the cause of action arose. *Wallace v. Kato*, 549 U. S. 384, 387 (2007). In Nebraska, § 1983 actions are limited by a four-year statute of limitations. *See Montin v. Estate of Johnson*, 636 F.3d 409, 412-13 (8th Cir. 2011); Neb. Rev. Stat. § 25-207. Although state law establishes the statute of limitations for § 1983 actions, federal law controls on the issue of when the statute of limitations begins to run. *Wallace*, 549 U.S. at 388; *Montin*, 636 F.3d at 413. The standard rule is that accrual occurs when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief. *Wallace*, 549 U.S. at 388. Under that rule, the tort cause of action accrues, and the statute of limitations commences to run, when the plaintiff knew or should have known of the injury that forms the basis of the claim. *Id.* at 391. The

statute of limitations is not tolled during a term of imprisonment absent "a showing of a recognizable legal disability, separate from the mere fact of imprisonment, which prevents a person from protecting his or her rights[.]"  *Gordon v. Connell*, 545 N .W.2d 722, 726 (Neb. 1996).

Here, the cause of action accrued in May 2012, when the DEC correctional officer allegedly failed to protect Plaintiff from the assault and Plaintiff sustained his injuries.  *See* Filing No. 5 at 5.  Plaintiff did not file the current action until January 22, 2024, over seven years after the four-year statute of limitations expired.   Indeed, Plaintiff apologized in his Complaint "for it being so long since wanting [sic] to file this claim but I didn't know at the time I deserved restitution for punative [sic] damages to me."  Filing No. 1 at 1.   That Plaintiff was ignorant of his legal rights to seek compensation for his injuries does not warrant tolling of the statute of limitations.  *See Burns v. Town of Lamoine*, 43 F.Supp.2d 63, 68–69 (D.Me.1999) ("There is no federal accrual doctrine or 'discovery rule' that tolls the statute of limitations where a plaintiff was aware of his injury, but unaware of a potential legal theory.  A plaintiff's unfamiliarity with possible legal recourse will not toll the statute of limitations.").   Thus, Plaintiff's claims are clearly untimely and must be dismissed.

## IV.  CONCLUSION

Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted and is subject to dismissal pursuant to 28 U.S.C. §§ 1915(e) and 1915A.   The Court will dismiss this matter with prejudice as the statute of limitations clearly expired long ago.  *See Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (per curiam) (district

court can dismiss an in forma pauperis complaint if it is apparent the statute of limitations has run).

IT IS THEREFORE ORDERED that:

1.      This matter is dismissed with prejudice for failure to state a claim for relief as Plaintiff's claims are barred by the statute of limitations.

2.      Plaintiff's pending motion for the appointment of counsel, Filing No. 7, is denied as moot.

3.      The Court will enter judgment by a separate document.


Dated this 1st day of August, 2024.


                                        BY THE COURT:

                                        Joseph F. Bataillon
                                        Senior United States District Judge


6